UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                Plaintiff,

v.                                          Case No. 21-cv-883-pp

CHERYL JEANPIERRE, ROBERT AHLBORG,
ROBERT WEINMAN and BRIAN TAPLIN,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

       Timothy Durley, an inmate at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants failed to provide him adequate medical treatment for his asthma. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee, dkt. no. 2, and for a preliminary injunction, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

       The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 10, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $1.96. Dkt. No. 7. The court received that fee on August 20, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff alleges that he is in restricted housing at Waupun. Dkt. No. 1 at 2. He says that on May 3, 2021, he saw Nurse Brian Taplin concerning his asthma. Id. The plaintiff says that upon hearing him wheezing, Taplin scheduled him to see Dr. Cheryl Jeanpierre. Id. The plaintiff says he wrote to Jeanpierre and "assi[s]tance manager" Rebert Weinman in the Health Services Unit ("HSU") about his appointment, told them he was "on the verge of a[n] asthma attack" and requested a nebulizer to treat his asthma. Id. He alleges that Jeanpierre and Weinman both replied that the plaintiff was "on the list" to see Dr. Jeanpierre. Id. The plaintiff alleges that while waiting for his appointment, he experienced tightness in his chest and difficulty breathing. Id. at 3. He says that again, "their" reply was that he was on the list to be seen. Id. He says that he wrote to Weisman about his asthma and shortness of breath, but that Weisman replied that he was on the list to see Dr. Jeanpierre. Id.

On June 2, 2021, the plaintiff saw Nurse Robert Ahlborg walking down the hall in the restricted housing unit. Id. The plaintiff knocked on the door of his cell to get Ahlborg's attention and told him he felt tightness in his chest,

3

that his asthma was acting up and that he was having trouble breathing. Id. Ahlborg allegedly replied, "I don't believe you" and walked away. Id. Two days later, the plaintiff suffered an asthma attack, and Nurse Taplin provided him nebulizer treatment. Id. The plaintiff alleges that Taplin was working on the days he sent the HSU his requests to be seen, but that Taplin did not "pull [him] out" to assess him or his asthma. Id.

The plaintiff has sued the defendants for failing to provide him adequate medical care. Id. He seeks compensatory and punitive damages. Id. at 4. He also seeks a preliminary injunction, a request that the court addresses below. Id. at 3–4; Dkt. No. 4.

C. Analysis

The plaintiff has alleged that the defendants violated his Eighth Amendment rights by failing to provide adequate medical care and by exhibiting deliberate indifference to his serious medical needs. The court analyzes claims of deliberate indifference under the Eighth Amendment, which "protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (en banc) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see Estelle, 429 U.S. at

103. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff alleges that he suffers from asthma and was experiencing chest tightness and difficulty breathing. The Seventh Circuit has held "that asthma can be, and frequently is, a serious medical condition, depending on the severity of the attacks." See Board v. Farnham, 394 F.3d 469, 484 (7th Cir. 2005) (citing Garvin v. Armstrong, 236 F.3d 896, 898 (7th Cir. 2001)). For screening purposes, the court finds that the plaintiff's allegations satisfy the objective component of an Eighth Amendment claim.

The plaintiff alleges that he wrote to Jeanpierre and Weinman explaining his symptoms and requesting a quicker appointment. Both defendants responded to his letters but told him only that he was scheduled for an appointment with Jeanpierre. The plaintiff does not say how far in the future his appointment was scheduled. He also stopped Nurse Ahlborg in the hall, told him about his symptoms and requested to be seen. Ahlborg allegedly told the plaintiff that he didn't believe him and walked away. The symptoms the plaintiff describes, standing alone, might not necessarily have alerted the defendants that the plaintiff was having or about to have an asthma attack and needed immediate medical attention. See Daniels v. Harper, 640 F. App'x 519, 521 (7th Cir. 2016) (citing Williams v. Rodriguez, 509 F.3d 392, 402 (7th Cir. 2007)) (inmate who told nurse "only that he was having difficulty breathing because of asthma and wanted treatment" did not state Eighth Amendment claim against nurse for failure to provide immediate treatment). But the

plaintiff says he also told each of these defendants that he believed he was on the verge of an asthma attack. That statement, coupled with the plaintiff's symptoms, may have alerted the defendants that the plaintiff faced a substantial risk of serious harm. He asserts, however, that they refused to have him assessed or get him an earlier appointment. Construing the allegations in the plaintiff's favor, the court finds that they satisfy the subjective component of an Eighth Amendment claim. The court will allow the plaintiff to proceed on this claim against Jeanpierre, Weinman and Ahlborg. The court notes that to succeed on this claim, the plaintiff will need to present evidence showing that the defendants were aware of the severity of the plaintiff's condition and either denied him treatment or delayed necessary treatment.

The court finds that the plaintiff has not stated a claim against Nurse Taplin. The plaintiff alleges that when he explained his symptoms to Taplin, Taplin scheduled the plaintiff for an appointment with Jeanpierre. When the plaintiff suffered his asthma attack, Taplin gave the plaintiff nebulizer treatment—the very treatment he had requested from the other defendants. The plaintiff also alleges Taplin "w[as] working" on the days he submitted his requests to the HSU for an appointment. Dkt. No. 1 at 3. But he does not allege that Taplin responded to his requests for treatment, like he says Weinman and Jeanpierre did. Nor does the plaintiff allege that Taplin saw the requests or was aware of the plaintiff's worsening symptoms until he treated the plaintiff's asthma attack. Taplin cannot be liable for not responding to worsening symptoms of which he was unaware. See Petties, 836 F.3d at 728 (noting that prison official may only be liable if he "*actually* knew of and disregarded a substantial risk of harm" to an inmate (emphasis in original)). The court will not allow the plaintiff to proceed against Taplin.

D.   Preliminary Injunction

The plaintiff also moved for a preliminary injunction. Dkt. No. 4. He has not explained what relief he seeks through the injunction; his motion only summarizes the factors the court must consider in deciding whether to issue an injunction. Id. at 1–2. He also alleges facts not included in his complaint. He says he "inform[ed] the Defendants [his] inhalers weren[']t working an[d] that [he] needed [his] nebulizer, which [his] cries was ignored." Id. at 2. But the complaint says nothing about inhalers or whether the plaintiff told the defendants the inhalers were not treating his symptoms. The plaintiff asserts that he "will likely succeed on the merits" because "[w]hat Defendants have done – 'intentionally interfering with (medical) treatment once prescribed' was specifically singled out by the Supreme Court as an example of unconstitutional deliberate indifference to prisoner's medical need." Id. (citing Estelle, 429 U.S. 97 (1976)). The plaintiff asks the court to waive the posting of security because he is indigent. Id. at 3; see Fed. R. Civ. P. 65(c).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." Orr v. Shicker, 953 F.3d 490, 501 (7th Cir. 2020) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court then must balance the harm to

each party and to the public interest from granting or denying the injunction. See Wood, 496 F.3d at 622; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

The plaintiff's motion is similar to one the court recently denied in another of the plaintiff's several lawsuits pending before the court. See Case No. 20-cv-1889, Dkt. No. 21. The court will deny this motion for some of the same reasons. First, the plaintiff has not demonstrated that he has a likelihood of success on the merits. As the court previously explained to the plaintiff, to obtain a preliminary injunction, he must make a "'strong' showing" that he is likely to succeed, which "normally includes a demonstration of how the applicant proposes to prove the key elements of [his] case." Ill. Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020), cert. denied sub nom., No. 20-1081, 2021 WL 1163871 (U.S. Mar. 29, 2021). The plaintiff has not provided this information. He generally cites Estelle v. Gamble for the proposition that interfering with medical treatment constitutes deliberate indifference. That is true, but the plaintiff does not explain how he will satisfy the standard from Estelle and *prove* the defendants were deliberately indifferent to his serious medical issue. See Estelle, 429 U.S. at 103–04. Though the plaintiff has *alleged* enough facts for the court to allow him to proceed on a claim of deliberate indifference, that does not mean he will be able to present sufficient admissible *evidence* to succeed on his claim or even to defeat a motion to dismiss or for summary judgment.

The plaintiff also has not demonstrated that he will suffer irreparable harm without injunctive relief. The plaintiff alleges that "his potential suffering if [he] permanently lose [his] life is enormous." Dkt. No. 4 at 1. But the complaint alleges only that the defendants delayed getting him nebulizer

treatment on one occasion before he suffered an asthma attack. He alleges that a nurse *did* treat him with a nebulizer when he suffered the attack. As the court previously explained, there is more than one way to treat asthma, including by delivering asthma medication through use of a nebulizer or inhaler. Case No. 20-cv-1889, Dkt. No. 21 at 4–5 (citing https://www.hopkinsallchildrens.org/Patients-Families/Health-Library/HealthDocNew/What-s-the-Difference-Between-a-Nebulizer-and-an-I.) Neither the complaint nor the motion for a preliminary injunction allege that the prison failed entirely to treat the plaintiff's asthma, and the plaintiff has presented no evidence suggesting that is the case. Nor has he alleged or presented evidence showing that the only method for treating his asthma is a nebulizer.

Because the plaintiff has not demonstrated a reasonable likelihood of success on the merits or irreparable harm, the court need not address the other criteria for obtaining a preliminary injunction. See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008). The court will deny the plaintiff's motion for a preliminary injunction.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for a preliminary injunction. Dkt. No. 4.

The court **DISMISSES** Nurse Brian Taplin.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on

defendants Cheryl Jeanpierre, Robert Ahlborg and Robert Weinman. Under the informal service agreement, the court **ORDERS** the defendants to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$348.04** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are in custody at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs in custody at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

Dated in Milwaukee, Wisconsin this 3rd day of March, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**