UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                    Plaintiff,

v.                                                    Case No. 21-cv-883-pp

CHERYL JEANPIERRE, ROBERT AHLBORG,
and ROBERT WEINMAN,

                      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR A PHYSICAL EXAMINATION (DKT. NO. 13)**

      Plaintiff Timothy Durley is representing himself. On March 3, 2022, the court screened the plaintiff's 42 U.S.C. §1983 complaint and allowed him to proceed on Eighth Amendment claims alleging that officials at Waupun Correctional Institution failed to provide him adequate medical treatment for his asthma. Dkt. No. 9. The court ordered that "the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions." Id. at 10.

      On April 13, 2022—before the defendants had filed a responsive pleading and before the court had entered a scheduling order—the plaintiff filed a motion "for physical examination by a li[s]censed – certified examiner." Dkt. No. 13. Citing Federal Rule of Civil Procedure 35, the plaintiff asks the court to order a doctor to "examine [him] for his asthma." Id. at 1. The plaintiff says that before he was incarcerated, a physician he refers to as "the primary care

Dr. Lelitha" saw him when he was "out in the world." Id. He asks the court to order Dr. Lelitha "or her substitute" to examine him to "focus on" the severity of his asthma, what triggers his asthma and the risks he faces in prison "due to the corona virus." Id. He asks the court to order the examination to occur at Waupun (unless he suddenly is moved to another prison) between the hours of 9:30 a.m. and 11:30 a.m. Id. at 2. The plaintiff provides Dr. Lelitha's address in Milwaukee and says he wouldn't mind if the examination took place face to face, by Zoom video or by phone. Id. He also asks that if the court is unable to get Dr. Lelitha to conduct the examination, it "appoint an outside licensed-certified examiner to conduct this physical examination." Id.

Federal Rule of Civil Procedure 35 provides that a court "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The court may order the examination "only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A).

The plaintiff is suing the defendants because he believes that they were deliberately indifferent to his severe asthma. See Dkt. No. 9 at 5-6. He wants the examination to focus on the severity of his asthma and what triggers it, as well as the risks COVID-19 poses to someone with his condition. Dkt. No. 13 at 1. This sounds like a discovery request—the plaintiff wants an examination to demonstrate that his asthma was severe and dangerous, so that he can demonstrate that the defendants should have treated him in a particular way.

This discovery request is premature. The plaintiff filed it three weeks before the court even had entered a scheduling order setting the deadline for the parties to complete discovery. The plaintiff filed the motion despite the fact that the March 22, 2022 screening order ordered that "the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions. Dkt. No. 9 at 10. Since the date it received the plaintiff's motion for physical examination, the court has issued the scheduling order, which set an October 3, 2022 deadline for the parties to complete discovery. Dkt. No. 16 at ¶1.

Although the plaintiff's motion would not be premature if he had filed it after the court entered the May 3, 2022 scheduling order, it also constitutes an improper discovery request. Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." Brown v. United States, 74 F. App'x 611, 614 (7th Cir. 2003). The rule allows the court, under appropriate circumstances, "to order a party to submit to a physical examination at the request of *an opposing party*." Id. (emphasis added). The plaintiff has no right to an order compelling the defendants "to bear the cost of and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his case." Id. It instead is the plaintiff's responsibility to fund his own litigation, including discovery costs, even though he is representing himself. See Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003); Nail v. Gutierrez, No. 1:06-CV-292, 2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007).

If the plaintiff wants his primary care provider to examine him and provide a report about his asthma, he must arrange and pay for it himself. He may reach out to Dr. Lelitha to find out if she would be willing and available to examine him.

Alternatively, the plaintiff can obtain information about his history of asthma and its severity through his medical records available from the prison. Because his asthma is at issue in this lawsuit, the plaintiff must provide the defendants a signed medical authorization to receive and review his medical records about his asthma. See <u>Daggett v. Wollangk</u>, 189 F. App'x 504, 505–06 (7th Cir. 2006). Those records will provide the parties with information about how the plaintiff's asthma has manifested itself while he has been in custody, how severe his attacks have been, what treatments have worked (or not worked, etc. It is possible that once the parties have reviewed those records, they will conclude that a physical examination is not necessary.

The court **ORDERS** that the plaintiff's motion for an examination under Fed. R. Civ. P. 35 is **DENIED**. Dkt. No. 13.

Dated at Milwaukee, Wisconsin this 31st day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**