UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                Plaintiff,

     v.                                   Case No. 21-cv-883-pp

CHERYL JEANPIERRE, *et al.*,

                Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 39) AND SETTING DEADLINES FOR PARTIES TO COMPLETE DISCOVERY AND FILE DISPOSITIVE MOTIONS**

Plaintiff Timothy Durley is proceeding on Eighth Amendment claims against officials at Waupun Correctional Institution, where he is incarcerated. On May 3, 2022, the court issued a scheduling order requiring the parties to complete discovery by October 3, 2022. Dkt. No. 16. On November 15, 2022, the court received from the plaintiff a "motion to compel discovery and response." Dkt. No. 39. On December 5, 2022, before the defendants had responded to his motion, the court received from the plaintiff a motion to extend the time for the parties to conduct discovery. Dkt. No. 44. The defendants responded to the plaintiff's motion to compel on December 6, 2022. Dkt. No. 45. Two days later, the court issued an order staying the deadlines for the parties to complete discovery and file dispositive motions pending the court's decision on the plaintiff's motion to compel. Dkt. No. 48. The court also denied as moot the plaintiff's request for an extension of time to conduct discovery. Id. Between December 12 and 22, 2022, the plaintiff filed a reply to

the defendants' response and a supplemental declaration, dkt. nos. 49, 50; the defendants filed a supplemental response and declaration, dkt. nos. 52, 53; and the plaintiff filed a supplemental reply to the defendants' supplemental response, dkt. no. 54.

The plaintiff's motion is fully briefed. The court will grant the motion in part and deny the motion in part and set new deadlines for the parties to complete discovery and file dispositive motions.

## I.    Background

### A.    Plaintiff's Materials in Support of his Motion to Compel (Dkt. Nos. 40, 41)

The plaintiff says he sent discovery requests to the defendants on May 15, 2022.[1] Dkt. No. 40 at 1. He says that on multiple occasions, defense counsel "replied stating non compliance for discovery." Id. He says counsel "assured [him]" the defendants would send responses to his interrogatories by August 29, 2022. Id. The plaintiff says he "even wrote letter to confer on all of [his] discovery including, reasked, specific, rephrases—time frame . . . even if the Defend[a]nts needed extra time." Id. at 1–2.

The plaintiff attached several letters between himself and defense counsel regarding discovery exchanges. Dkt. No. 41-1. In the earliest letter, dated June 20, 2022, defense counsel informed the plaintiff that the defendants "will not be responding to any requests for admission in excess of

---

[1] The defendants alternatively say that these discovery requests were "postmarked May 18, 2022," dkt. no. 41-1 at 3, and that they received them on May 20, 2022, dkt. no. 46 at ¶3.

the 50 allowed by Civ. L. R. 36(a)(1)." Id. at 1. Counsel said the defendants "received 69 and 67 requests for admission from you for Defendants Ahlborg [*sic*] and Weinman, respectively." Id. Counsel asked the plaintiff to clarify to which of the excess requests for admission he wanted the defendants to respond. Id. Counsel said that if the plaintiff did not respond, the defendants "will respond only to the first 50 requests for admission for [defendants] Ahlborg and Weinman, and no others." Id.

The plaintiff responded with a letter dated June 26, 2022, in which he asked "to confer on additional admissions." Id. at 30. The plaintiff proposed an agreement whereby the defendants would respond to ten additional admissions for defendants Weinman and Jeanpierre and "no more as per Wisconsin, civ,L,R(B)(36)(a)(3)." Id. On July 6, 2022, defense counsel responded with a letter intended to serve as the defendants' "second advisement that [they] do not consent to more than the 50 requests for admission." Id. at 2. Counsel reiterated that the plaintiff "sent [the defendants] more than 50 requests for admission" but they "[were] only required to respond to 50." Id. Counsel asked the plaintiff "to choose which 50 [he] would like [the defendants] to answer" by July 20, 2022, or the defendants "[would] respond only to the first 50 requests for admission for Ahlborg and Weinman, and no other." Id.

On July 10, 2022, the plaintiff sent defense counsel a "third letter to confer on Additional Admissions." Id. at 29. The plaintiff reiterated his desire "to come to an agreement on the 50 admissions along with '7' additional admissions to 'Jeanpierre' and 'Weinman' that [he] sent [the defendants] per

Wisconsin, Civ,L,R(A)(36)(a)(3)." Id. The plaintiff said that under the rule, he could "serve an opposing party additional admissions as long as he has in good faith reached out to the opposing party to come to an agreement on the amount agree upon in which if a party refuse then a court may impose a motion to compel." Id. Defense counsel responded on July 18, 2022, informing the plaintiff that "due to short staffing and staff absences," the defendants needed an additional week to respond to the plaintiff's May 2022 discovery requests. Id. at 3. Counsel advised the plaintiff that the defendants would send their responses by July 25, 2022. Id. On August 2, 2022, the plaintiff sent an "update concerning his 3rd letter on Additional Admissions." Id. at 28. The plaintiff asked defense counsel to "let [him] know if [counsel was] willing to agree upon the 7 additional admissions on top of the 50 admissions [he] sent." Id. The plaintiff asked counsel to respond in "(14) days after service is made upon you . . . or [he] will send a 4th letter to confer, which could le[a]d to a motion to compel against your non compliance for discovery." Id.

On August 15, 2022, defense counsel sent a response letter, the defendants' responses to the plaintiff's first request for document production and two Bates-stamped documents. Id. at 4–5. Counsel told the plaintiff that the defendants were "working diligently on [their] responses, including [their] responses to [the plaintiff's] Request for Admissions, to the rest of [his] discovery and anticipate mailing them on or before August 29, 2022." Id. at 4. The plaintiff avers in his declaration that he received defendant Ahlborg's response to his first set of interrogatories and his second request for

production of documents "by September 1, 2022." Dkt. No. 41 at ¶7; Dkt. No.
41-1 at 6–7.

On September 30, 2022, the plaintiff received a letter from the
defendants related to his fourth request for production of documents, which he
had sent to the defendants a month earlier, on August 30, 2022. Dkt. No. 41 at
¶8; Dkt. No. 41-1 at 8. Defense counsel advised the plaintiff that his request
and his second set of interrogatories to defendant Ahlborg "were untimely and
[the defendants] do not intent to respond to them for that reason." Dkt. No. 41-
1 at 8. Counsel cited the scheduling order, which instructed the parties to
serve discovery requests "by a date sufficiently early so that discovery is
completed no later than October 3, 2022." Id. (citing Dkt. No. 16 at 1). The
plaintiff says that these interrogatories were his "readdressed interrogatories,"
which he mailed on September 7, 2022. Dkt. No. 41 at ¶9; Dkt. No. 41-1 at 32.

On October 4, 2022, the defendants mailed their responses to the
plaintiff's first requests for admissions from defendants Weinman and Ahlborg.
Dkt. No. 41 at ¶10; Dkt. No. 41-1 at 9. On October 7, 2022, the defendants
mailed their responses to the plaintiff's first and second requests for
admissions to defendant Jeanpierre. Dkt. No. 41 at ¶11; Dkt. No. 41-1 at 10–
11. On October 11, 2022, the defendants mailed what they labeled their
responses to the plaintiff's third set of requests for admissions from defendant
Weinman.[2] Dkt. No. 41 at ¶12; Dkt. No. 41-1 at 12. On October 17, 2022,

---

[2] It is not clear whether the plaintiff ever served a second set of requests to
admit to Weinman and if so whether the defendants responded to those

defense counsel responded to a letter from the plaintiff dated October 11, 2022, in which he "attempt[ed] to rephrase certain Requests to Admit that [he] had originally submitted to Defendant Robert Ahlborg." Dkt. No. 41-1 at 13. Counsel "reminded" the plaintiff "that discovery in this case closed on October 3, 2022" and declined "to respond to untimely discovery requests, including this one." Id. The plaintiff avers that he told the defendants that "if they need extra time [he] would agree to it." Dkt. No. 41 at ¶14; see Dkt. No. 41-1 at 15 (plaintiff's "readdressed interrogatories" to Ahlborg, dated September 7, 2022), 18 (letter dated August 29, 2022).

The plaintiff avers that on October 16, 2022, he wrote to defense counsel "to rephrase's-specific time frame questions for admissions." Dkt. No. 41 at ¶15; Dkt. No. 41-1 at 24. That letter explained that the plaintiff has "reask [his] rephrase's-timeframe questions as state by [Jeanpierre] in [the plaintiff's] first request in admissions." Dkt. No. 41-1 at 24. The plaintiff said that the letter would be his "only time to confer or should [he] say [his] only letter to confer on this due to the discovery phase is passed, unless [the defendants] ask for an extension which [he] won[']t contest." Id.

The plaintiff says he has not received interrogatory responses from Jeanpierre and Weinman, Ahlborg's answers to some of his "readdressed" interrogatories and Weinman's responses to his "rephrase's, specific time frame on [his] first admissions." Dkt. No. 41 at ¶¶18–20. The plaintiff also asks that

---

requests. It is possible one of the parties mislabeled this document as the plaintiff's third set of requests to admit to Weinman.

the defendants provide him Ahlborg's answers to the plaintiff's "rephrases, specific time frame, for" eight requests in his first request for admissions; complete copies of his Health Services Unit (HSU) files from January 1, 2019, through August 31, 2022; and weather records of days when a heat advisory was issued for Dodge County or when it was humid or muggy in Dodge County between May 1 and October 31, 2021. Id. at ¶¶21–25.

B.    The Defendants' Response Materials (Dkt. Nos. 45, 46)

The defendants contend that their responses to the plaintiff's discovery requests were proper. Dkt. No. 45 at 1. The defendants say that the "rephrased/readdressed" requests to admit that the plaintiff sent to the defendants were, in fact, additional requests to admit beyond the maximum fifty per defendant allowed that he already served on the defendants. Id. at 2. Counsel objected to the additional responses because they were untimely, and the defendants maintain those objections were proper. Id. The defendants also maintain that they properly responded to the plaintiff's four sets of requests for the production of documents with "over 100 responsive documents." Id. The defendants agree that they did not respond to the plaintiff's September 1, 2022 request and assert that this is because that request was untimely. Id. at 2–3.

Defense counsel concedes that, as of the day she filed the initial response, she had not yet served responses to the plaintiff's interrogatories to Jeanpierre and Weinman but says she was "diligently working to respond" to those interrogatories. Id. at 1. Counsel blames "a clerical error and staffing changes" for not preparing or sending a response to those interrogatories. Id. at

7

3. She explains that "the typist who created editable documents of [the plaintiff's] interrogatories inadvertently failed to transcribe the interrogatories directed to Weinman." Id. Counsel estimated she would send the responses to the plaintiff's interrogatories by December 20, 2022. Id.

Like the plaintiff, the defendants also filed a declaration and copies of the plaintiff's discovery requests and the defendants' responses between May and September 2022. Dkt. No. 46-1 to 46-19. These exhibits provide significant additional information that better explains the source of the discovery disputes. Defense counsel avers that the defendants received the plaintiff's initial discovery requests in three separate mailings on May 20, 2022. Dkt. No. 46 at ¶3. These requests included the plaintiff's twenty-five interrogatories to each defendant, his first request for document production, fifty requests to admit directed to each defendant and extra requests to admit (nineteen directed to Jeanpierre and seventeen directed to Weinman). Id. at ¶¶4–6. Counsel did not serve any responses to the plaintiff's discovery requests until August 15, 2022—nearly three months after receiving them—when counsel responded to the plaintiff's first request for production of documents. Id. at ¶17. Counsel also objected to some of the plaintiff's requests to admit and explained that she would need additional time to respond to his interrogatories and his second request for production of documents, as the court discussed above. Supra at 2–4.

The defendants provided letters explaining the plaintiff's requests for admissions from each defendant. On October 4, 2022, the defendants served

their responses to the plaintiff's first requests for admissions from Weinman and Ahlborg, fifty from each defendant. Dkt. No. 46-8. The defendants objected and did not respond to some of the plaintiff's requests "on the grounds that [they are] vague as to time," id. at 3–13, ¶¶14, 18, 43–45, 47; or that "[they are] vague and confusing," id. at ¶27. The defendants advised that if the plaintiff limited his requests to a specific timeframe and rephrased or resubmitted the requests, the defendants would "respond accordingly." Id. at ¶¶14, 18, 27, 43–45, 47.

On October 7, 2022, the defendants served their responses to the plaintiff's first and second requests for admissions from Jeanpierre. Dkt. No. 46-9. This included his initial fifty requests, id. at 2–12, and the additional nineteen requests, id. at 13–18. The defendants again declined to answer some of the requests because they were "vague and confusing" but advised that they would respond if the plaintiff rephrased and resubmitted it. Id. at 13–18, ¶¶3, 4, 6, 7, 10. The defendants objected to two of the plaintiff's additional requests as duplicative and directed the plaintiff to one of their responses to his first set of requests to admit from Jeanpierre. Id. at ¶¶12–13.

On October 11, 2022, the defendants served what they labeled their responses to the plaintiff's third set of requests for admissions to Weinman, which included responses to the plaintiff's seventeen additional requests to admit. Dkt. No. 46-10 at 1–7. The defendants declined to answer one request "on the grounds it exceeds the scope of Rule 36 in that it does not seek an admission of a specific fact" and advised that they would answer the request if

9

the plaintiff resubmitted it in compliance with Rule 36. Id. at ¶16. The defendants declined to answer one other request because it was "based on false premises" and could not be answered. Id. at ¶15.

Also on October 11, 2022, the plaintiff sent the defendants his "rephrase[d]" or "reasked" requests to admit to Ahlborg and Weinman, in which he rephrased his previous requests to specify a "specific timeframe" for the question, as the defendants had asked him to do. Dkt. No. 46-11. On October 16, 2022, the plaintiff sent "reasked – rephrase[d]" requests to Jeanpierre in response to the defendants' refusal to answer some of his initial requests for admissions. Dkt. No. 46-12. On October 17, 2022, defense counsel sent a response letter to the plaintiff regarding both sets of rephrased requests to admit to all three defendants. Dkt. No. 46 at ¶15; Dkt. No. 46-13 at 1. Counsel "reminded" the plaintiff that discovery had closed on October 3, 2022, and refused "to respond to untimely discovery requests, including this one." Dkt. No. 46-13 at 1.

The defendants also filed exhibits related to the plaintiff's requests for production of documents and his first set of interrogatories to Ahlborg. Defense counsel avers that she responded to the plaintiff's first request for documents on August 15, 2022. Dkt. No. 46 at ¶17; Dkt. No. 46-14. On July 15, 2022, the defendants received the plaintiff's second set of requests for production of documents, which is dated July 11, 2022. Dkt. No. 46 at ¶18; Dkt. No. 46-15. On September 1, 2022, defense counsel responded to the second set of requests and responded to the plaintiff's first set of interrogatories to defendant

Ahlborg. Dkt. No. 46-16. The defendant objected and refused to respond to two of the plaintiff's interrogatories on the grounds that they were vague or overly broad. Id. at 4, ¶¶8–9. The defendant advised that if the plaintiff could "be more specific in his request, Defendant will respond accordingly." Id.

On August 5, 2022, the defendants received the plaintiff's third set of requests for production of documents, which is dated August 2, 2022. Dkt. No. 46 at ¶20; Dkt. No. 46-17. On September 1, 2022, the defendants received the plaintiff's fourth and final request for production of documents, which is dated August 29, 2022. Dkt. No. 46 at ¶22; Dkt. No. 46-19. The defendants responded to both the third and fourth requests for documents with a single letter dated September 30, 2022. Dkt. No. 46 at ¶21; Dkt. No. 46-18. The defendants provided responses to the plaintiff's third request for production of documents. Dkt. No. 46-18 at 2–4. But the defendants refused to provide responses to the plaintiff's fourth request for documents or his "Second Interrogatories to Robert Ahlborg, postmarked September 7, 2022"[3] because, according to the defendants, "both were untimely and [they] [did] not intend to respond to them for that reason." Id. at 1; Dkt. No. 46 at ¶23.

C.     The Plaintiff's Reply (Dkt. Nos. 49, 50)

The plaintiff reiterates that he "has reached out in a letter to confer on his discovery" and says he had not received the defendants' interrogatory responses as of December 11, 2022. Dkt. No. 49 at 1. He asserts that the

_____

[3] These interrogatories to Ahlborg do not appear in the defendants' attachments, but the plaintiff included them with his attachments. Dkt. No. 41-1 at 14–16.

defendants "had enough time to fulfilled [*sic*] [his] discovery request despite still mailing [him] discovery document's [*sic*] after the October deadline had pass[ed]." Id. at 2. He asks the court to grant his motion and order the defendants to respond to his "rephrase's reask" requests for admissions to the defendants, "including any additional admissions;" to his additional interrogatories to Ahlborg; to his interrogatories sent to Jeanpierre and Weinman; and to his fourth request to produce documents. Id. at 3.

The plaintiff also says that, "depending on how the court rule[s] [o]n [his] motion for exten[s]ion of discovery for [his] pulmonary breathing test [he] will proceed from there." Id. The breathing test to which he refers was the basis for his motion to extend the time for the parties to conduct discovery, which the court received on December 5, 2022, dkt. no. 44, and denied in a text-only order on December 8, 2022, dkt. no. 48—three days before the plaintiff filed his reply brief. The plaintiff says he underwent this breathing test on November 30, 2022, at an off-site hospital in Fond du Lac. Dkt. No. 44 at 1. He says he was scheduled for a follow-up appointment but does not provide the date of that follow-up. Id.

> D.    The Defendants' Supplemental Response (Dkt. Nos. 52, 53)

On December 15, 2022, the court received the defendants' supplemental response to the plaintiff's motion to compel. Dkt. No. 52. The supplemental response "confirm[s] that interrogatory responses from Weinman and Jeanpierre were sent to [the plaintiff] on December 8 and December 9, 2022." Id. at 1. The defendants assert that as of December 9, 2022, they have

"properly addressed" all of the plaintiff's discovery requests "either with written responses or objections." Id. at 1–2. The defendants attached the interrogatory responses for Weinman and Jeanpierre that they sent to the plaintiff on December 8 and 9, 2022. Dkt. Nos. 53-1, 53-2. The defendants ask the court to deny the plaintiff's motion to compel. Dkt. No. 52 at 2. The defendants' supplemental response does not address the plaintiff's note about his pulmonary breathing test.

E.   The Plaintiff's Supplemental Reply (Dkt. No. 54)

On December 22, 2022, the court received the plaintiff's supplemental reply and declaration replying to the defendants' supplemental response to his motion to compel. Dkt. No. 54. The plaintiff avers that on December 12, 2022, he received the defendants' response to his interrogatories, which he says he served on the defendants on May 20, 2022.[4] Id. at 1. He says he still has not received responses to his "production of documents that's related to this case" or to his "rephrases, specific timeframe, reasked 1st request of admission from 'Weinman,' 'Jeanpierre' 'Ahlborg,' which is relevant to this case, despite [him] writing a letter to confer." Id. The plaintiff says the defendants incorrectly "feel like [his] discovery request is completed." Id. at 2. But he reiterates that they have not provided him responses to his rephrased "specific time frame" requests for admissions for all three defendants and his rephrased requests for interrogatories related to "specific time frame" to Ahlborg. Id. at 2–3.

_____

[4] In plaintiff's earlier filings, he says he sent the discovery requests on May 15, 2022, which is the date he signed those requests. Dkt. No. 40 at 1.

## II. Analysis

### A. The Plaintiff's "Rephrased" Requests for Admissions

Federal Rule of Civil Procedure 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(A)–(B). Civil Local Rule 36 (E.D. Wis.) sets a fifty-per-party limit on written requests for admission. Civil L.R. 36(a)(1). Local Rule 36(a)(3) provides that the parties may agree to allow more than fifty requests for admission. The moving party also may ask the court to order additional requests but "only after seeking the agreement of the party on whom the additional requests for admission would be served." Civil L.R. 36(a)(3). The rule notes that the court "will not compel a party to answer any requests for admission served in violation of this rule." Civil L.R. 36(a)(4).

The record shows that the plaintiff served his initial requests to admit by May 20, 2022; they included the maximum fifty requests for admissions from each of the three defendants, nineteen additional requests for admissions from defendant Jeanpierre and seventeen additional requests for admissions from defendant Weinman. The defendants initially declined to respond to the requests for admission because the plaintiff served more than the fifty allowed under Civil L.R. 36. Dkt. No. 41-1 at 1. But the defendants eventually responded to the plaintiff's requests for admissions—even those in excess of the fifty allowed under the rule. Dkt. Nos. 46-9, 46-10. The defendants refused

to answer some of those requests and objected that the requests were either vague as to time, confusing and/or ambiguous and could not be answered. But they advised that if the plaintiff rephrased his requests and resubmitted them focused on a specific time period, they would "respond accordingly."

Although the defendants received *all* the plaintiff's initial requests to admit—both his set of fifty to each defendant and his extra requests to Weinman and Jeanpierre—by May 20, 2022, they did not send responses to *any* of those requests until after the October 3, 2022 discovery deadline had passed. See Dkt. No. 46-8 (First Request for Admissions to Weinman and Ahlborg, dated Oct. 4, 2022), Dkt. No. 46-9 (First and Second Request for Admissions to Jeanpierre, dated Oct. 7, 2022), Dkt. No. 46-10 (Third Request for Admissions to Weinman, dated Oct. 11, 2022). A week after receiving the defendants' October 4, 2022 letter, the plaintiff followed up with his rephrased requests for admissions from Weinman and Ahlborg, in which he provided a more specific time frame for his requests as the defendants had asked him to do. Dkt. No. 46-11. He sent his rephrased requests to admit for Jeanpierre a few days after that, on October 16, 2022. Dkt. No. 46-12. Despite telling the plaintiff they would "respond accordingly" to any rephrased and resubmitted requests, the defendants refused to respond to any of the rephrased requests and told the plaintiff his requests were untimely. Dkt. No. 46-13.

The defendants' refusal to respond to the plaintiff's "untimely" rephrased requests to admit is not made in good faith and smacks of hypocrisy. The defendants did not respond to the plaintiff's initial May 2022 requests to admit

for over four months—well past the sixty days allowed—first refusing to answer the extra requests beyond the fifty allowed under Civil L.R. 36 then capitulating and answering them anyway. Their initial refusal to respond to the extra requests was reasonable because the plaintiff had not asked them in good faith to consider responding to them. But it was not reasonable to wait to send *any* responses to the plaintiff's requests until *after* the discovery deadline had elapsed, tell the plaintiff to rephrase several of his requests and disingenuously advise him that the defendants would "respond accordingly" to those rephrased requests. By waiting until after the October 3, 2022 discovery deadline had elapsed to send any responses to the plaintiff's requests to admit, the defendants gave the plaintiff no choice but to send his rephrased requests beyond the deadline. They cannot use untimeliness as the basis for refusing to respond to the plaintiff's rephrased requests when *their* responses were untimely because of *their* delay in responding to his initial requests. Whether intentional or not, the defendants' actions create the appearance of seasoned counsel taking advantage of a *pro se* plaintiff's unfamiliarity with discovery rules and conducting discovery in bad faith.

The court will order the defendants to respond in full to the plaintiff's rephrased requests for admissions to all three defendants. The court will give the defendants **thirty days from the date of this order** to respond to the plaintiff's rephrased and resubmitted requests. The court will not allow the parties to serve any new or additional discovery during this time. The court

also will set a new deadline for the parties to file dispositive motions and will provide these new deadlines below.

B.    The Plaintiff's "Rephrased" Interrogatories to Ahlborg

The plaintiff included with his May 2022 discovery requests his initial interrogatories to all defendants. But the defendants did not respond to any interrogatories until September 1, 2022, and that response addressed only the interrogatories directed to defendant Ahlborg. Dkt. No. 46-16 at 1–11. As with the requests to admit, the defendants refused to respond to some of the plaintiff's interrogatories but told him they would "respond accordingly" if he rephrased and resubmitted the challenged interrogatories. The plaintiff served his rephrased interrogatories to Ahlborg only a few days later, on September 7, 2022, but the defendants refused to respond to those rephrased interrogatories and claimed they were untimely.

Unlike the plaintiff's requests to admit, the plaintiff served his rephrased interrogatories to Ahlborg before the October 3, 2022 discovery deadline elapsed. The court can infer that the defendants claim the plaintiff's rephrased interrogatories were untimely because they would not have had sixty days to respond before the deadline elapsed, as the court provided in the scheduling order. Dkt. No. 16 at 1, n.1 ("The court notes that it has extended the parties' time to respond to discovery requests from thirty days to sixty days."). But like the plaintiff's requests to admit, the plaintiff's rephrased interrogatories were untimely only because the defendants did not timely respond to his initial interrogatories. The defendants received the plaintiff's initial interrogatories by

May 20, 2022, but they did not serve their responses until September 1, 2022—more than *three months* later. That was despite twice telling the plaintiff to expect their responses shortly. The defendants wrote in a July 18, 2022 letter that they would send their responses to the plaintiff's interrogatories "within one week from today, so no later than next Monday, July 25." Dkt. No. 41-1 at 3. The defendants then informed the plaintiff on August 15, 2022 that they were "working diligently on [their] responses" to the plaintiff's discovery requests and "anticipate[d] mailing them on or before August 29, 2022." Id. at 4. The defendants did not meet either of their self-imposed deadlines.

The defendants again attempt to use their own delay as reason to deny responding to the plaintiff's rephrased interrogatories that *they* told him to send so they could "respond accordingly." That was a disingenuous response, given that the defendants again knew the plaintiff's rephrased interrogatories would be untimely no matter when he sent them. As with the plaintiff's rephrased requests to admit, the court will order the defendants to respond to the plaintiff's rephrased interrogatories to Ahlborg within thirty days of this order.

      C.    <u>The Plaintiff's Fourth Request for Production of Documents</u>

The plaintiff served his fourth request for production of documents on August 30, 2022. That request seeks weather reports for Dodge County from May through October 2021 and the plaintiff's medical files dating back to 1993 from his pediatrician and as far ahead as his Department of Corrections HSU

files through August 2022. Dkt. No. 46-19 at 3–4. The defendants refused to respond to these requests and claimed they were untimely.

This situation is different from the requests to admit and interrogatories because the defendants did not create a months-long delay that forced the plaintiff to untimely serve his fourth request to produce documents. The plaintiff previously had served three timely requests for production of documents, and the defendants responded to each of those. The defendants do not have an endless obligation to provide documents to the plaintiff. It is his obligation to timely request all documents he believes he will need to prove his claims. The plaintiff has not explained why he could not have asked for the items in his fourth request for the production of documents in an earlier request.

Even if the plaintiff's fourth request for documents were timely, the court would not order the defendants to produce these documents. This lawsuit concerns events that allegedly occurred in July and August 2021. The plaintiff does not explain why he needs his medical files from his childhood or from years before or after the relevant events occurred. The plaintiff should be able to obtain his own *relevant* medical files from the Waupun HSU. The plaintiff also does not explain why he needs weather reports for Dodge County during several months before and after the alleged events occurred. The plaintiff can obtain weather information for the days relevant to this lawsuit for free from an internet or print resource. The court will deny the plaintiff's request to order the defendants to respond to his fourth request for production of documents

and will not order the defendants to produce these medical records or weather reports.

D.    The Plaintiff's May 2022 Interrogatories

The defendants concede that they did not timely respond to the plaintiff's May 2022 interrogatories sent to defendants Weinman and Jeanpierre. They blame a staff transition and clerical error for the omission. The defendants sent responses to those interrogatories on December 8 and 9, 2022, and the plaintiff says he received the responses on December 12, 2022. The court will deny as moot the plaintiff's request to compel the defendants to respond to his interrogatories to Weinman and Jeanpierre.

III.    **Conclusion**

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion to compel. Dkt. No. 39.

The court **GRANTS** the plaintiff's motion related to his rephrased requests for admissions from all defendants and **GRANTS** the plaintiff's motion related to his rephrased interrogatories to defendant Robert Ahlborg.

The court **DENIES** the plaintiff's motion related to his fourth request for production of medical and weather documents. The court **DENIES AS MOOT** the plaintiff's motion related to his first set of interrogatories sent to defendants Robert Weinman and Cheryl Jeanpierre.

The court **ORDERS** that the defendants must respond to the plaintiff's rephrased requests to admit to all three defendants (Dkt. Nos. 46-11 at 2–5 (Weinman and Ahlborg) and 46-12 at 3–4 (Jeanpierre)) and to his rephrased

interrogatories to Ahlborg (Dkt. No. 41-1 at 14–16) by the end of the day on **August 4, 2023**. The parties must not serve additional or new discovery requests. The court advises the defendants to be forthcoming and to respond fully to the plaintiff's requests according to the relevant federal and local rules. The court encourages the parties to work together to resolve any further discovery disputes that arise related to the plaintiff's rephrased requests for admissions and interrogatories.

The court **ORDERS** that the parties may file dispositive motions on the merits of the plaintiff's claims, along with all supporting materials, in time for the court to receive them by the end of the day on **September 8, 2023**.

Dated in Milwaukee, Wisconsin this 29th day of June, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**