UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY DURLEY,

           Plaintiff,

  v.                                   Case No. 21-cv-883-pp

CHERYL JEANPIERRE, *et al.*,

           Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTION EXPENSES
(DKT. NO. 60)**

---

On June 29, 2023, the court issued an order granting in part and denying in part the plaintiff's motion to compel. Dkt. No. 58. The court granted the motion related to the plaintiff's rephrased requests for admissions from all defendants and his rephrased interrogatories to defendant Robert Ahlborg. Id. at 15–18. The court denied the motion related to all other requests and discovery. Id. at 19–20.

On July 6, 2023, the court received the plaintiff's "motion for sanctions expenses for his motion to compel." Dkt. No. 60. The plaintiff asserts that the court should sanction the defendants "to deter the Defend[a]nts in this case or any defend[a]nts for that matter, from their actions of counsel of taking advantage of a pro se plaintiff's unfamiliarity with discovery rules and conducting discovery in bad faith, as this court stated in their decision concerning [his] motion to compel." Id. at 2. The plaintiff claims that he "worked 6 hours per day for 6 day's putting the motion to compel together." Id.

He says that $2,500 to $5,000 is a reasonable amount to compensate him for the time he spent working on the motion. Id. He asks that the court determine a reasonable award of sanctions for the defendants' conduct and order that the award "be placed upon his book's—inmate trust account regular." Id.

The defendants oppose the plaintiff's motion. Dkt. No. 61. They first assert that the plaintiff's motion for sanctions is limited to his rephrased requests for admissions and argue that sanctions are not available for a party's failure to respond to requests for admissions; rather, the consequence is that the request is deemed admitted. Id. at 1 (citing Federal Rules of Civil Procedure 37(a)(3)(B)(iii), (iv), and 36(a)(3)). The defendants assert they should not be deemed to have admitted the plaintiff's additional requests for admission because he served more than the fifty per defendant allowed under Civil Local Rule 36(a) (E.D. Wis.). Id. at 2. The defendants say they acted "in accordance with Rule 36(a)," so there "is no basis for sanctions." Id. The defendants also assert that the plaintiff did not serve his rephrased requests for admission by the discovery deadline and did not ask the court to extend that deadline. Id. They argue that they had no obligation to respond to the plaintiff's untimely requests. Id.

The plaintiff in his "rebuttal response" says "the defend[a]nts arguments are frivolous" and that he wrote "letters to confer, requesting extra time to conduct, discovery [sic]." Dkt. No. 62 at 1. He asserts that his rephrased requests for admissions would have been timely if the defendants had sent their initial responses within their sixty-day deadline to respond. Id. He blames

2

"the Defend[a]nts delayment's [*sic*], and stalling tactics" for him not sending his rephrased requests within the discovery deadline. Id.

Federal Rule of Civil Procedure 37(a)(5)(C) states that if a court grants in part and denies in part a motion to compel disclosure or discovery, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." That rule affords the court "discretion to award the movant its expenses." Rah Color Techs. LLC v. Quad Graphics, No. 18-CV-87-JPS, 2018 WL 3349011, at *1 (E.D. Wis. July 9, 2018).

The court found in the order granting in part and denying in part the plaintiff's motion to compel that the defendants' actions related to the plaintiff's rephrased requests to admit were "not made in good faith and smack[ed] of hypocrisy." Dkt. No. 58 at 15. The court added that "the defendants' actions *create[d] the appearance* of seasoned counsel taking advantage of a *pro se* plaintiff's unfamiliarity with discovery rules and conducting discovery in bad faith." Id. at 16 (emphasis added). But the court did not conclude that the defendants had, in fact, acted in bad faith or that their conduct warranted sanctions. The court determined that the defendants' conduct *had the appearance* of bad faith and hypocrisy, and the court warned the defendants about that conduct. The court granted the portion of the plaintiff's motion related to his discovery requests affected by the defendants' conduct. The relief the court provided—ordering the defendants to respond to the plaintiff's rephrased requests for admissions—was a sufficient remedy for the defendants' conduct and the resulting discovery delay. The court finds that sanctions are

3

not warranted under these circumstances. Each party will maintain its own costs and expenses related to that motion.

The court also finds that the plaintiff's requested amount for expenses is excessive. The plaintiff says he spent a total of thirty-six hours (six hours per day for six days) on the motion to compel, and he requests $2,500 to $5,000 as a reasonable expense for his time and effort. That would amount to between $70 to $140 per hour for the time the plaintiff says he worked on his motion. The plaintiff provides no justification for that hourly rate. He does not explain whether he incurred any costs or expenses to prepare and file the motion (which was e-filed and not mailed to the court), nor does he justify his requested hourly rate. The court concludes that $70 to $140 per hour, or $2,500 to $5,000, is not a reasonable amount to award a *pro se* plaintiff for his work on a motion to compel that was only partially successful.

That said, the court continues to be concerned about the defendants' conduct. The defendants insist that they should not be sanctioned because they were relying the court's local rule, which allows a party to make only fifty requests for admission on another party. Dkt. No. 61 at 2 (citing Civil L.R. 36(a)). They assert that they should not be punished for declining to stipulate to more than fifty requests to admit. That response avoids the issue in the same way that their response to the plaintiff's motion to compel avoided the issue. As the court explained in the previous order, the problem is not that the defendants did not respond to the plaintiff's requests to admit above the fifty-per-defendant limit, or that they did not stipulate to more than fifty requests

4

for admission; the problem is that "they did not send responses to *any* of [the plaintiff's] requests until after the October 3, 2022 discovery deadline had passed." Dkt. No. 58 at 15. They then refused to respond to the plaintiff's rephrased requests because they were untimely. Id. But those rephrased requests were untimely because the *defendants* did not timely respond to the plaintiff's requests in the first place. Id. at 15–16.

> The court explained:

> By waiting until after the October 3, 2022 discovery deadline had elapsed to send any responses to the plaintiff's requests to admit, the defendants gave the plaintiff no choice but to send his rephrased requests beyond the deadline. They cannot use untimeliness as the basis for refusing to respond to the plaintiff's rephrased requests when *their* responses were untimely because of *their* delay in responding to his initial requests.

Id. at 16. It was this conduct that the court described as "creat[ing] the appearance of seasoned counsel taking advantage of a *pro se* plaintiff's unfamiliarity with discovery rules and conducting discovery in bad faith." Id.

The defendants' continued focus on their argument that the local rule limited the plaintiff to fifty requests for admission and that they were not required to stipulate to more, while ignoring the fact that they effectively barred the plaintiff from correcting his errors by waiting until after the discovery deadline had passed to file their responses to his requests, weakens their argument that they have litigated in good faith. The defendants are not required to ignore a *pro se* plaintiff's procedural errors, but it is disingenuous for them to highlight and rely on those errors while conveniently ignoring their own tactics.

In its June 29, 2023 order, the court ordered that the defendants must respond to the plaintiff's rephrased requests to admit as to all three defendants and to his rephrased interrogatories to defendant Ahlborg by day's end on August 4, 2023. Dkt. No. 58 at 20-21. That deadline has passed. The court expects that the defendants timely complied with the court's order. If they did not, the court will not be inclined to give the defendants the benefit of the doubt that they have acted in good faith. The Federal Rules may not provide sanctions as a consequence for a party's failure to respond to requests for admission, but the court maintains inherent authority to sanction a litigant for litigating in bad faith. See Jackson v. Murphy, 468 F. App'x 616, 619–20 (7th Cir. 2012) (citing Salmeron v. Enter. Recovery Sys., Inc., 579 F.3d 787, 793 (7th Cir. 2009)).

The court **DENIES** the plaintiff's motion for sanction expenses. Dkt. No. 60. The September 8, 2023 deadline for dispositive motions remains in effect. See Dkt. No. 58 at 21.

Dated in Milwaukee, Wisconsin this 9th day of August, 2023.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge