UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY DURLEY,

                Plaintiff,

v.                                             Case No. 21-cv-883-pp

ROBERT AHLBORG,

                Defendant.

---

**ORDER DENYING PLAINTIFF'S *PRO SE* MOTION FOR ATTORNEY FEES (DKT. NO. 141)**

---

On June 27, 2025, the parties entered a joint stipulation of dismissal of the plaintiff's remaining claims against defendant Robert Ahlborg. Dkt. No. 139. The court then terminated the case, which now is closed.

On August 7, 2025, the court received the plaintiff's *pro se* motion for attorney's fees under 28 U.S.C. §2412 and 42 U.S.C. §1988. Dkt. No. 141. The plaintiff says that the court "has entered judgment in the above case and name against Robert Ahlborg in violation under color of state law of [his] 8th amendment rights." Id. at 1. He recites the legal standard for attorney's fees under each statute and asserts that he is entitled to fees as "the prevailing party." Id. at 1–3. He says that he "spen[t] many hours, times, writing paper and pens on this case," and he provided an itemized list of the tasks for which he seeks fees. Id. at 4. The tasks include filing his complaint, participating in discovery, filing a motion to compel and responding to the defendants' motion for summary judgment. Id. The plaintiff seeks reimbursement for the hours he

spent on these tasks at a rate of $140 per hour, for a total of $23,800 in fees. Id.

The court will deny this motion for several reasons. First, 28 U.S.C. §2412 does not apply to this case because it is not a "civil action brought by or against the United States" or an agency or agent of the United States. See 28 U.S.C. §2412(b). The plaintiff filed this lawsuit against *state* defendants who work or worked at a Wisconsin correctional institution. Second, the plaintiff's assertion that the court entered judgment against defendant Ahlborg is incorrect. The parties stipulated to dismissal "of the claims against Defendants" after settling their case at mediation. Dkt. No. 139. The court terminated the case under that stipulation but did not enter judgment against Ahlborg (or for the plaintiff). That means the plaintiff is not the "prevailing party" under 42 U.S.C. §1988(b). Third, the parties' stipulation of dismissal specifically states that the dismissal is "with prejudice and *without costs* to any party." Id. (emphasis added). That suggests that the parties agreed that, following dismissal, neither party would be awarded fees or costs.

Finally, even if the parties' stipulation applies only to costs and not also to fees, the plaintiff is not an attorney. He is an incarcerated individual who represented himself until the mediation. He is not entitled to *attorney's* fees for the time it took him to write his complaint or to litigate his case while representing himself. See Kay v. Ehrler, 499 U.S. 432, 435 (1991) (noting Circuit-wide agreement "that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees"); Redding v. Fairman, 717 F.2d 1105, 1120 (7th Cir. 1983)

2

Case 2:21-cv-00883-PP    Filed 08/18/25    Page 2 of 3    Document 142

("[A]n award of attorney's fees to a prisoner appearing *pro se* is not appropriate under Section 1988."). The court recruited the plaintiff an attorney—free of charge—to assist him at mediation. That mediation was successful, and the plaintiff has received or will receive the settled-for sum. He is not entitled to any additional fees or costs as part of this litigation.

The court **DENIES** the plaintiff's motion for attorney's fees. Dkt. No. 141.

Dated in Milwaukee, Wisconsin this 18th day of August, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**